UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG PATRICK
McCART,

        Plaintiff,

v.

NOAH NAGY, *et al.*,

        Defendants.
_____/

Case No. 2:24-cv-12633
District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 13)

**A.   Instant Motion**

Currently, before the Court is Plaintiff's July 29, 2025 motion for appointment of counsel (ECF No. 13). Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* civil proceedings.

**B.   Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment

of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "the appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted). In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C.     Analysis**

    **1.     Probable merit of Plaintiff's claims**

At this stage of litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants. Due to the limited number of *pro bono*

counsel who are willing and available and the large number of those who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice.

Here, the Court has entered an Order of Partial Summary Dismissal, however, no other dispositive motions have been filed or ruled upon. Plaintiff mentions in his motion a possible motion for summary judgement that will seemingly be headed his way in the future. While it is true that such motions are commonly filed by defense counsel in cases of this nature, this is not unusual, and before that point, the Court has little basis for testing the "probable merit of the claims." Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage of litigation would be premature.

2.      **Nature of the case and complexity of the issue**

Plaintiff's legal claims, sounding in 42 U.S.C. § 1983, are based on violations of his civil rights stemming from an incident in January 2022. Plaintiff claims that Defendants committed cruel and unusual punishment towards him, retaliated against him, and abused his mental health. (ECF No. 1, Page ID.6) Plaintiff alleges that because he does not have access to a legal writer and this is his first time filing a claim in court, counsel would be better suited to handle his case. (ECF No. 13, Page ID.82-83.) It is undoubtedly true that counsel would be

helpful, but this is not unusual or exceptional for *pro se* litigants.  Nor is it unusual for someone to be a first-time litigant.

The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs, and Eighth Amendment conditions of confinement claims were not complex).  Thus, this circumstance does not warrant the appointment of counsel.

### 3. Indigency and ability of Plaintiff to represent himself

While the Court recognizes the difficulty of pursuing litigation while indigent and incarcerated, it is not enough to justify the appointment of counsel here.  Although Plaintiff's filings support his indigency and inability to afford an attorney, his filings do not illustrate an inability to represent himself.  Plaintiff contends in his motion for appointment of counsel that he is unable to represent himself because this is his first time filing a claim in the courts and "[he does not] know what [he is] doing at all." (ECF No. 13).  Plaintiff also expresses concern about dismissal of his case because of a failure to file or take proper action needed.  (ECF No. 13, Page ID.82-83.)  However, this unfortunately does not persuade this

Court to request appointment of counsel for Plaintiff because Plaintiff's filings illustrate his ability to comprehend and adhere to Court orders and procedures within the instant action.

On October 10, 2024, the Court filed a Notice Regarding Parties' Responsibility to Notify Court of Address Change which Plaintiff received. (ECF No. 4). Following the filing of this notice, Plaintiff has dutifully and conscientiously notified the Court two times of a change of address, once on March 4, 2025, and again on June 30, 2025. (ECF No. 6; ECF No. 11). By following the instructions given in the notice and informing the Court of any changes of address, Plaintiff has shown his ability to comprehend and follow the orders and procedures of the Court.

Therefore, the Plaintiff does not present an "exceptional circumstance" which would warrant this Court's intervention at this time. However, the Court appreciates the concerns expressed by Plaintiff, and to alleviate his concerns, wants to make sure he is aware of three things. First, he is subject to and should be guided by three sets of rules, all of which are available on-line through the Court's website (see the tabs labeled "Attorneys" and "Representing Yourself"), namely, the Federal Rules of Civil Procedure, the Court's own local rules (which modify the FRCP and use the same numbering system in instances where they do), and my Practice Guidelines (under the drop down tab Judges/Magistrate Judges/Patti).

Second, the Court will give some instructions through its orders, such as its eventual scheduling order, although neither the Court nor its staff can give legal advice. Third, there is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu. Finally, if this case should proceed to trial, the Court can revisit whether to recruit counsel and generally does so at the juncture.

D. Order

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 13), is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

IT IS SO ORDERED.[1]

Dated: September 8, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).